ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 3 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| **ORGLENDER SCOTT-HOPKINS**<br>*Plaintiff,*<br><br>v.<br><br>**VIEWPOINT BANK**<br>*Defendant* | §<br>§ **3-09CV0613-D**<br>§<br>§ Case Number _____<br>§<br>§      # 30114<br>§ |

## ORIGINAL COMPLAINT

COMES NOW, ***Orglender Scott-Hopkins (hereinafter "Plaintiff")*** in the above-referenced cause filing her Complaint against ***Viewpoint Bank (hereinafter "Defendant")*** and would respectfully show the Court as follows:

### I. JURISDICTION

1.      Jurisdiction of this court is invoked under 28 U.S.C. § 1343(a)(4); 28 U.S.C. § 1337; and 42 U.S.C. § 2000e--5(f). This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. It is also brought pursuant to 42 U.S.C. § 1981 and 1983, as amended; and Texas Commission on Human Rights Act of 1983 (TCHRA), Tex. Rev. Civ. Stat. Ann. art. 5221k, § 1.01, *et seq*, which Act's purpose is to secure to those within the state of Texas freedom from discrimination in employment. It seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202. Plaintiffs also assert that Defendant's conduct was wrongful in that this was a manner violating the laws of the Great State of Texas.

### II. PARTIES AND VENUE

2.      Plaintiff, Orglender Scott-Hopkins, is a black female citizen of the United States over the age of forty years, and a resident of the Northern District of Texas. Plaintiff has been employed by Defendants at its facility in Plano, Texas. Plaintiff has been subjected

to unlawful employment practices committed in the Northern District of Texas. Defendant does business in Dallas County, Texas.

3.     **Defendant Viewpoint Bank may be served by serving its registered agent, Varsha Patel at ViewPoint Bank, 1309 w. 15th Street, Suite 400, Plano TX 75075.**

4.     Defendant Viewpoint Bank is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e(b). Defendant is a Texas corporation with its a principle place of business at 2498 W. Illinois Avenue, located at the Hampton Village shopping center in Dallas, Texas.

5.     Venue is proper in the Northern District of Texas because the causes of action accrued in said district. Defendant Viewpoint Bank does business in Dallas County, and Defendant Viewpoint Bank has representatives in Dallas County.

### III. FACTS

6.     Defendant has discriminated against Plaintiff on account of race, gender and age in the following and other respects:

7.     Plaintiff commenced working at Defendant's place of employment in 1996. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to racial slurs, vandalism of her vehicle, disparate and unequal pay for work performed, and a racially hostile environment.

8.     Despite Plaintiff's job performance of bringing high profits to her company, white male employees were paid the same if not more. Such disparate income is a violation of Title VII based on gender.

9.     During the course of Plaintiff's employment while Plaintiff was under the management of Elizabeth Lasane (who is a White female), Plaintiff had to witness her manager being terminated partially as a result of company officials discovering that the

manager was married to a Black man. Such termination contributed to making the working environment racially hostile.

10. During 2008, Plaintiff filed complaints with the EEOC. After doing so, Plaintiff suffered adverse job consequences of: being called a "black bitch" by a company manager; constantly enduring racial innuendos and disrespectful racial comments; having managers and even the Human Resources personnel ignore her complaints of such a racially hostile environment; and eventually being told to retire from her employment with the company, thus being constructively terminated.

11. White employees, male employees and employees under the age of forty were not subjected to the same discriminatory treatment.

12. Defendant required Plaintiff to incur and tolerate such racial discrimination as a condition of employment.

13. Within the appropriate times of the acts of which Plaintiff complains, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This complaint was concurrently filed with the applicable Texas agency. Thereafter, Plaintiff received from said commission his Notice of Right to Sue with respect to her charges of discrimination, and timely filed this suit. All conditions precedent to the filing of this action have been fulfilled.

14. Plaintiff has no plain or adequate remedy at law to correct the wrongs complained of herein, and this suit for declaratory and injunctive relief is his only means of securing relief. Further, Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs and usages set forth herein.

## IV. CAUSES OF ACTION

15. DECLARATORY AND INJUNCTIVE RELIEF – Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated and set forth herein. This is a proceeding for declaratory, injunctive and other relief to secure the rights of Plaintiff under 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. It is brought to prevent Defendant from maintaining a policy, practice, custom or usage, of discriminating against Plaintiff in regard to compensation, terms, conditions and privileges of employment. Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment, because of her race, color, and/ or sex.

16. TITLE VII AND TCHRA VIOLATIONS FOR DISCRIMINATION IM EMPLOYMENT PRQACTICES -- Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated and set forth herein. The above described conduct of Defendant violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This conduct also violates 42 U.S.C. § 1981 by constituting intentional discrimination against the Plaintiff in the making and enforcement of her agreement for employment on account of her race. Thus, Plaintiff is also entitled to compensatory and punitive damages as a result of the Defendant's intentional, willful, malicious and/ or wanton conduct in violation of 42 U.S.C. § 1981, as well as equitable relief pursuant to Title VII. In addition, this conduct violates the Texas Commission on Human Rights Act of 1983 (TCHRA), Tex. Rev. Civ. Stat. Ann. art. 5221k, § 1.01, et seq.

17. WRONGFUL TERMINATION -- Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated and set forth herein. As a further independent cause of action, Plaintiff would show that she was wrongfully and constructively terminated in that:

    (a) Plaintiff's instruction to retire was without just or sufficient cause;

(b) Defendant breached its duty of good faith and fair dealing to the Plaintiff by violating the terms of her employment agreement a outlined in the company policies;

(c) Defendant treated Plaintiff with malice, and/ or was abusive in effecting Plaintiff's discharge.

Such action has resulted in damages to the Plaintiff for which she sues.

18. PUBLIC POLICY TORT -- Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated and set forth herein. Plaintiff further alleges that the above-described conduct of the Defendant in discriminating against the Plaintiff because of his race violates the public policies of the State of Texas as expressed in its common-law, judicial decisions and statutes. This conduct was willful, intentional, and malicious towards Plaintiff and his rights. The conduct of the Defendant in this regard justifies the imposition of compensatory damages and punitive damages to punish Defendant and to deter such conduct by this and other employers.

19. NEGLIGENCE -- Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated and set forth herein. Plaintiff would also show that the Defendant and its agents, servants, and employees, while acting in the course and scope of their employment for Defendant, failed to use that degree of care, caution, and prudence that would have been exercised by persons of ordinary care, and that such acts and omissions constituted negligence. Defendant failed to supervise and instruct its managers and employees, thus permitting acts of racial discrimination and creating an ongoing racially hostile environment. Such failure to act was the proximate cause of the racially hostile environment and the specific acts of criminal mischief, racial hatred motivated remarks towards Plaintiff and vandalism.

20. All relief requested is within the jurisdictional limits of this Court and all conditions precedent to the filing of this suit have occurred.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that this Court:

(a) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, employees, successors, assigns and all persons in active concert or participation with it, from discriminating against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981;

(b) Grant Plaintiff a declaratory judgment declaring Defendants' practices complained of herein to be in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq, 42 U.S.C. § 1981; and the Texas Commission on Human Rights Act of 1983;

(c) Grant Plaintiff backpay, actual and consequential damages on account of said violations together with compensatory, exemplary and punitive damages;

(d) Grant attorneys fees appropriately recoverable, and costs of Court;

(e) Grant such other and further relief, at law or in equity, as the Court deems necessary and proper.

Dated this 2 day of APRIL, 2009

Respectfully submitted,

_____
David A. Small
LAW OFFICE OF DAVID A. SMALL
Texas State Bar Number 00784987
501 Elm Street, Suite 385
Dallas, Texas 75202
PHONE (214) 965-9400
FACSIMILE (214) 752-7798
**ATTORNEYS FOR PLAINTIFF
ORGLENDER SCOTT-HOPKINS**

**ORIGINAL COMPLAINT • PAGE 6**

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Fed.R.Civ.P. 7.1, Plaintiff Oglender Scott-Hopkins provides the following information:

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of this case are:

    Plaintiff -- Oglender Scott-Hopkins

    Defendant – Viewpoint Bank

*David A. Small*
LAW OFFICE OF DAVID A. SMALL
Texas State Bar Number 00784987
501 Elm Street, Suite 385
Dallas, Texas 75202
PHONE (214) 965-9400
FACSIMILE (214) 752-7798
**ATTORNEYS FOR PLAINTIFF
ORGLENDER SCOTT-HOPKINS**

JS 44 (Rev. 1/??) **3-09CV0613-D** CIVIL COVER SHEET    ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
ORGLENDER SCOTT-HOPKINS

### DEFENDANTS
VIEWPOINT BANK

(b) County of Residence of First Listed Plaintiff: COLLIN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: COLLIN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DAVID A. SMALL
501 ELM STREET, SUITE 385
DALLAS TX 75202

Attorneys (If Known)

RECEIVED APR -3 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health |  | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e

Brief description of cause:
DISCRIMINATION IN EMPLOYMENT

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____